**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherman & Howard LLC, | No. CV-18-00967-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Paul Leonard Bruno, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Sherman & Howard LLC's Motion to Remand to State Court and Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Doc. 10, Mot. to Remand), to which Defendant Paul Leonard Bruno filed a Response (Doc. 36, Resp.), and to which Plaintiff filed a Reply (Doc. 38, Reply). Also at issue is Defendant's Cross-Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Doc. 37, Def's Mot. for Sanctions), which, the Court resolves without the benefit of Plaintiff's Response. The Court will grant Plaintiff's Motion to Remand; however, the Court denies both Motions for Sanctions.

**I.     BACKGROUND**

Plaintiff filed this action in Maricopa County Superior Court to recover attorney's fees incurred by Bruno and PB Co., Inc., of which Bruno is the sole shareholder and President. (Doc. 1-1, Compl. ¶¶ 1–32.) The fees at issue in the Complaint include those charged to Bruno during his Chapter 13 and Chapter 11 bankruptcy proceedings, which the Bankruptcy Court dismissed on September 7, 2017. *See* Order, Doc. 334, *In re Bruno*, No. 16-bk-11826-PS (Bankr. D. Ariz. Sept. 7, 2017). On November 8, 2017, Bruno

timely removed the case to federal court. *See* Notice of Removal, Doc. 1, *Sherman & Howard LLC v. Bruno*, 17-cv-04128-DJH, (D. Ariz. Nov. 8, 2017). Plaintiff subsequently filed a Motion to Remand, which United States District Court Judge Diane J. Humetewa granted after Bruno failed to file a responsive pleading. In the Order granting the Motion, Judge Humetewa agreed with Plaintiff's contention that the District Court was "without subject matter jurisdiction." Order at 1, Doc. 20, No. 17-cv-04128-DJH (D. Ariz. Dec. 19, 2017). After Judge Humetewa remanded the case, however, Bruno filed a Motion to Vacate the Order due to excusable neglect, which Judge Humetewa denied.

On March 12, 2018, Judge Christopher Whitten of the Maricopa County Superior Court entered Final Judgment against Bruno and PB Co., Inc. (Doc. 1-2 at 72–73.) Two weeks later, on March 28, 2018, Bruno removed the action to this Court for a second time. Once again, Plaintiff moves to remand the case to the Superior Court.

## II. LEGAL STANDARD

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party is required to provide a signed notice of removal that contains "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). Generally, removal statutes are strictly construed against removal jurisdiction. *See Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

When a Defendant attempts to remove a case after a previous remand, "removal . . . is permitted only upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a *new* and *different* ground for removal.'" *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)). As such, a successive attempt to remove may be proper when "an intervening change of law gives rise to a new basis for subject-matter jurisdiction" or "when the pleadings are amended to create federal subject-matter jurisdiction for the first time." *Id.*

## III. ANALYSIS

The Court first addresses Plaintiff's Motion to Remand before turning to the cross-Motions for Sanctions.

### A. Plaintiff's Motion to Remand

Bruno asserts in the Notice of Removal that this Court has jurisdiction because Plaintiff "has made a claim for services connected to Defendant Bruno's Chapter 11 bankruptcy proceedings." (Notice of Removal at 2.) Bruno reiterates this basis for removal in his Response, arguing that this Court not only has jurisdiction, but that it has exclusive jurisdiction over the matter. (Resp. at 6–9.) This argument conflicts with Ninth Circuit precedent on the point. "A post-dismissal motion to enforce a fee agreement between a debtor and [his] attorney is ancillary to the bankruptcy court's core function of adjudicating the estate." *In re Elias*, 188 F.3d 1160, 1162 (9th Cir. 1999) (per curiam). Thus, in a case such as the one currently before this Court, a "state court is fully capable of resolving the fee dispute." *See id.*

Given the Maricopa County Superior Court's ability to exercise jurisdiction over this matter, this Court need not reach the question of whether jurisdiction would have ever been proper in federal court because removal at this point is both untimely and improper. As recounted above, Plaintiff filed this matter in Maricopa County Superior Court on October 23, 2017, and served Defendant on November 2, 2017. (Doc. 1-1 at 85.) Bruno's removal would have been timely on or before December 2, 2017. *See* 28

U.S.C. § 1446(b). Because Bruno removed this matter on March 28, 2018, his attempt is untimely on its face. However, Bruno offers several reasons why this attempt should be considered timely, each of which lacks legal merit.

First, Bruno asserts that his attempt to remove is timely because "[o]n March 12, 201[8] Sherman & Howard added defendants, GP Meetings & Events, Inc. and PB Co Property Management, LLC." (Notice of Removal at 1–2.) Despite this assertion, the record demonstrates that those parties were not in fact added as Defendants to the action. Instead, on March 12, 2018, Sherman & Howard filed a post-judgment Application for Writ of Garnishment against GP Meetings & Events, Inc., among others.[1] (Doc. 1-2 at 104.) Thus, Plaintiff did not join any additional party on March 12. Moreover, even if Bruno was correct, that fact would not make *his* removal timely. Certainly, removal by a party that had been joined on March 12 might have been timely. However, the mere addition of a defendant does not reset the clock for removal for those defendants previously served unless the joinder of a defendant provides a new basis for federal subject-matter jurisdiction.

Next, Bruno contends he did not discover that the case was removable until March 13, 2018. (Resp. at 5.) Thus, Bruno concludes that removal within thirty days of that date is timely. Once again, this argument lacks merit. "Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint." *Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990) Thus, if Bruno is correct that the character of his debt raises a federal question, his failure to discover that fact prior to March 12, 2018 was a lack of his own diligence because Plaintiff's Complaint is unequivocal and clear. Bruno's time to remove on that basis has passed.

Even further, Bruno could have raised that argument before Judge Humetewa when he initially removed the case. Instead, Bruno failed to file any Response, and Judge Humetewa, after a review of the record, remanded the case for lack of federal subject matter jurisdiction. Order at 1, Doc. 20, No. 17-cv-04128-DJH (D. Ariz. Dec. 19, 2017).

---

[1] Plaintiff's state court application does not indicate that Plaintiff sought a Writ of Garnishment against PB Co. Property Management, LLC. (*See* Doc. 1-2 at 103–04.)

- 4 -

Bruno fails to demonstrate any "relevant change in circumstances" since the case was initially remanded. Bruno thus improperly removed this matter for a second time. *See Reyes*, 781 F.3d at 1188.

Removal is both untimely and improper given Bruno's earlier attempt to remove. The Court therefore grants Plaintiff's Motion to Remand because the Maricopa County Superior Court has jurisdiction over this dispute.

### B. Cross-Motions for Sanctions

In addition to the Motion to Remand, both parties move for sanctions under 28 U.S.C. § 1927. (Mot. to Remand at 7–8; Def's Mot. for Sanctions.) When "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . so multiplies the proceedings in any case unreasonably and vexatiously," the Court may require that individual "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This "require[s] a bad faith showing." *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990). Although not expressly contemplated by the plain language of the statute, the Ninth Circuit has held that courts may impose such sanctions against a party proceeding *pro se*. *Wages v. I.R.S.*, 915 F.2d 1230, 1235–36 (9th Cir. 1990).

Bruno argues that he is entitled to $140,000 in sanctions for his "expenditure from the improper December 2017 Remand." (Def's Mot. for Sanctions at 2–3.) The Court, however, finds no evidence of bad faith by Plaintiff, particularly in light of this Court's conclusion that remand is, once again, appropriate.

On the other hand, Plaintiff's Motion for Sanctions presents a much closer call. Just as Judge Humetewa noted in her Order on Bruno's Motion for Reconsideration, it again appears that Bruno is "seeking relief . . . in bad faith." Order at 4, Doc. 28, 17-cv-04128-DJH (D. Ariz. Feb. 21, 2018). Litigation is not a game, and Bruno's status as a *pro se* litigant excuses neither ignorance of the law nor his attempt to avoid a valid state court judgment. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996). However, the Court in its discretion will not impose further sanctions upon Defendant.

1       **IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff Sherman & Howard LLC's Motion to Remand (Doc. 10).

      **IT IS FURTHER ORDERED** denying Defendant's Cross-Motion for Sanctions (Doc. 37).

      **IT IS FURTHER ORDERED** denying all remaining, pending motions as moot.

      **IT IS FURTHER ORDERED** directing the Clerk of Court to remand this case to the Maricopa County Superior Court.

      Dated this 27th day of April, 2018.

*[signature]*
Honorable John J. Tuchi
United States District Judge